UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cause No. 3:14-CV-167-RLM |
| | ) | (Arising out of 3:07-CR-111-RLM) |
| ERNEST D. GLASPER | ) | |

OPINION and ORDER

On January 4, 2008, Ernest Glasper pleaded guilty to possession of a firearm as a convicted felon, violating 18 U.S.C. § 922(g)(1), and using/carrying a firearm during and in relation to carjacking, violating 18 U.S.C. § 924(c). In an amended plea agreement, entered on February 15, 2008, Mr. Glasper agreed to change the binding sentence recommendation from 84 months' imprisonment to 141 months' imprisonment and to waive any objections to the sentencing guideline calculations in the Presentence Investigation Report. In return, the government agreed not to prosecute Mr. Glasper for perjury stemming from his plea hearing testimony and his testimony at the trial of his co-defendant. Accordingly, on March 13, 2008, the court sentenced Mr. Glasper to an aggregate sentence of 141 months' imprisonment. More than five years later, Mr. Glasper has filed a petition for review of his sentence pursuant to 28 U.S.C. § 2255 and pursuant to his First Amendment right to petition the government for "redress of grievance." Mr. Glasper's primary contention is that the recently decided Supreme Court decision Alleyne v. United States, 133 S.Ct. 2151 (2013), alters his sentence.

A prisoner must file a § 2255 motion within one year of the date on which (1) the judgment of conviction becomes final, (2) the governmental action violating the Constitution or federal law that prevents the prisoner from making his motion is removed, (3) the Supreme Court recognizes the right asserted, or (4) the facts supporting the claim could have been discovered. 28 U.S.C. § 2255(f). Mr. Glasper argues that the right he asserts pursuant to the Alleyne decision is a new right that applies retroactively to cases on collateral review. Prisoners have one year from the date on which the Supreme Court initially recognized the asserted right to file a § 2255 petition, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3). The Supreme Court hasn't declared that the rule of constitutional law established in Alleyne applies retroactively on collateral attack. Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). Mr. Glasper also argues that he couldn't have discovered the facts supporting his claim that the judge couldn't make a finding that he brandished the firearm until the Supreme Court decided Alleyne on June 17, 2013. Prisoners have one year from the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence to file a § 2255 motion. 28 U.S.C. § 2255(f)(4). Mr. Glasper doesn't assert the discovery of any new facts in his case. Mr. Glasper doesn't claim that § 2255(f)(2) applies to his motion, so that leaves § 2255(f)(1) as the applicable start date of the statute of limitations. Mr. Glasper had one year from the date

-2-

on which his judgment of conviction became final to file a § 2255 motion. 28 U.S.C. § 2255(f)(1). He didn't file a direct appeal of the judgment, so his conviction became final when his opportunity to appeal expired. Clay v. United States, 537 U.S. 522, 525 (2003); Shakespeare v. United States, No. 1:13-CV-236, 2013 WL 2942842, at *2 (S.D. Ind. June 13, 2013). The court entered judgment against Mr. Glasper on the date of his sentencing, March 13, 2008, and Mr. Glasper then had fourteen days in which to file a notice of appeal. FED. R. APP. P. 4(b). His one-year period to file a § 2255 motion thus began on March 27, 2008. The current motion was filed on January 9, 2014, well outside the one-year period. Mr. Glasper's § 2255 motion is untimely.

Alternatively, Mr. Glasper argues that his First Amendment right to petition the government for "redress of grievance" has no statute of limitations. The right to petition the government for redress of grievances includes the right of access to the courts. Bridges v. Gilbert, 557 F.3d 541, 553 (7th Cir. 2009). "While the right of access to the courts requires prison officials to provide prisoners with the necessary tools 'to attack their sentences, directly or collaterally,' and 'to challenge the conditions of their confinement,' it is not an abstract, freestanding right to legal assistance." Id. (citations omitted). The right is "tied to and limited by a prisoner's right to vindication for a separate and distinct right to seek judicial relief for some wrong." Id. Mr. Glasper doesn't assert an underlying claim that implicates his right of access to the courts. A prisoner whose complaint implies the invalidity of his ongoing custody must

seek review by collateral attack pursuant to the appropriate federal or state statute. Simpson v. Nickel, 450 F.3d 303, 306-307 (7th Cir. 2006). Mr. Glasper asks the court to vacate or correct his sentence, so his claim must be brought through a collateral attack, such as a § 2255 motion. As already discussed, however, Mr. Glasper's § 2255 motion is untimely.

Even if the § 2255 motion were timely, Mr. Glasper wouldn't benefit from the Alleyne decision. Alleyne overruled Harris v. United States, 536 U.S. 545 (2002), and held that "[a]ny fact that, by law, increases the penalty for a crime[, including a mandatory minimum sentence,] is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Alleyne v. United States, 133 S.Ct. 2151, 2155 (2013). Harris distinguished between facts that increase the statutory maximum, which a jury had to determine, and facts that increase the mandatory minimum, which the sentencing judge could decide. Alleyne v. United States, 133 S.Ct. at 2155. After Alleyne, facts that increase either the statutory maximum or the mandatory minimum can't be decided by the sentencing judge, but must be decided by a jury beyond a reasonable doubt. Id.

Mr. Glasper claims that he was convicted of use and/or carrying of a firearm in relation to a crime of violence, but the government alleged or inferred that he brandished the firearm. Count 8 of the superseding indictment, a violation of § 924(c), didn't include a brandishing element. The court didn't make an explicit finding that Mr. Glasper brandished the weapon, but the

finding is implied since § 924(c) imposes a mandatory minimum seven year or 84-month term of imprisonment if the firearm was brandished, and the court sentenced Mr. Glasper to 84 months' imprisonment for the violation of § 924(c). Following Alleyne, the sentencing judge couldn't have determined whether Mr. Glasper brandished the firearm, a fact that by law increased the penalty for the crime. But Mr. Glasper entered into a binding agreement with the government regarding the term of his imprisonment. Paragraph 9(j) of the initial plea agreement stated:

> [T]he government and defendant Glasper agree to a binding sentence (total, on both counts) of 84 months imprisonment followed by three years supervised release. That is, if the court accepts this plea agreement, the defendant will be sentenced to 84 months imprisonment on Count 8 if found to have "brandished" the firearm and no imprisonment on Count 2 OR 60 months imprisonment on Count 8 and 24 months imprisonment on Count 2 – and in any case followed by three years supervised release (concurrent) on each count.

The amended plea agreement replaced paragraph 9(j) with the following:

> [T]he government and defendant Glasper agree to a <u>binding</u> sentence (total, on both counts) of 141 months imprisonment followed by three years supervised release.

The question of whether Mr. Glasper brandished the firearm existed in the initial plea agreement, but had disappeared in the amended version. Under the initial agreement, Mr. Glasper was to be sentenced to 84 months' imprisonment total, regardless of whether he brandished the firearm. The months would be allotted depending on the court's finding regarding whether he brandished the firearm, but otherwise the total amount wouldn't change.

Similarly, but without being expressly defined, under the amended agreement, Mr. Glasper was to be sentenced to 141 months' imprisonment total, regardless of whether he brandished the firearm. The amended agreement didn't specify the allotment of the months between the counts, but if the court found Mr. Glasper didn't brandish the firearm, his total sentence would still have been 141 months' imprisonment. The holding of Alleyne doesn't benefit Mr. Glasper.

Mr. Glasper's § 2255 motion is untimely – and even if timely, wouldn't entitle him to the relief he seeks – and Mr. Glasper's First Amendment claim has no merit. The court DENIES his motion pursuant to 28 U.S.C. § 2255 and the First Amendment (Doc. No. 136 in 3:07-cr-111).

SO ORDERED.

ENTERED:  January 31, 2014


　　　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　United States District Court